■ In the Matter of the CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Appellants, v WILLIAM M. LOMBARD, as Sheriff for Monroe County, Respondent.—Order unanimously reversed, with costs, and arbitrator's award confirmed. Memorandum: The petitioners, Stephen Harrison and the Monroe County Chapter of the Civil Service Employees Association, Inc., appeal from an order which vacated and set aside the award of an arbitrator which had reinstated the individual petitioner, a Deputy Sheriff of Monroe County. Petitioner was notified at 10:30 P.M. on May 12, 1974 that he was being transferred to a new shift and that he had several options from which he had to choose by 5:00 A.M. the following morning. Since this time limitation deprived petitioner of the opportunity to confer with other deputies with less seniority, petitioner informed his commanding officer that he no longer felt fit for duty and was quitting his duty assignment. At headquarters he was advised to go home and return the next evening to discuss the situation. Instead petitioner went to Denver, Colorado for several days. Thereafter he received written notice that he had been charged with violating a departmental rule prohibiting absence from duty and that disciplinary action would be taken against him. He was later terminated for violating departmental rules and regulations. A grievance procedure, which he initiated pursuant to an agreement between the Monroe County Sheriff's department and the local CSEA chapter, resulted in a finding by the arbitrator that the Sheriff of Monroe County did not have just and sufficient cause to discharge petitioner Harrison and reinstated him without loss of seniority and with back pay save for the unexcused absence from duty for the period May 13–20 (the time when petitioner was in Colorado). Respondent incorrectly contends that since petitioner had pleaded guilty to the departmental charges, the arbitrator's function was completed and he

lacked authority to attempt to justify the petitioner's absence. Because it is public policy to encourage the use of arbitration to settle disputes in the public sector, the function of reviewing courts in motions to vacate arbitration awards "is not to decide the appropriateness or the wisdom of the award or whether the judges of a court would have rendered the same award had they acted as arbitrators but, rather, to ascertain whether the arbitrator who did make the award exceeded his powers or so imperfectly executed them as to require its vacatur" (Matter of States Mar. Lines [Crooks], 13 NY2d 206, 212). An arbitrator's award may be vacated only upon grounds specified in CPLR 7511 (subd [b]). If the party seeking to vacate the award cannot establish one of the statutory grounds, the award must be confirmed (Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.], 25 NY2d 451). We find here that the arbitrator did not exceed "his power or so imperfectly [execute] it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511, subd [b], par 1, cl [iii]). The collective bargaining agreement expressly guaranteed that respondent's employees who had completed two or more years of service "shall not be suspended, discharged or receive a disciplinary demotion without just and sufficient cause". The agreement did not define "just and sufficient cause". The only limitation placed upon the arbitrator's power was, "The arbitrator shall not have jurisdiction or authority to add to, modify, detract from or alter in any way the provisions of the agreement * * * or any amendment or supplement thereto". In direct response to the questions presented, the arbitrator concluded that respondent did not have "just and sufficient cause" to discharge petitioner. Having so found, the arbitrator was not restricted by any language in the collective bargaining agreement from ordering petitioner's reinstatement. Reduced to its essence, the rationale of the order appealed from is that the respondent believed that "just and sufficient cause to discharge" petitioner existed. The contracting parties, however, had bargained and agreed in section 17 to accept the arbitrator's decision on the merits of that issue as final and binding. They are thus bound by their contract and the arbitrator's award unless the award is based on a "completely irrational" construction of the agreement or violates an express contractual limitation on his power (Lentine v Fundaro, 29 NY2d 382, 385–386). Since the record contains no such showing, the arbitrator's award must be confirmed. (Appeal from order of Monroe Special Term vacating arbitration award.) Present—Moule, J. P., Cardamone, Mahoney, Goldman and Witmer, JJ.