Jones, J.
 

 We uphold the determination of the Commissioner of Education that transfer credits granted teachers prior to the repeal of subdivision 6 of section 3102 of the Education Law must be honored for all salary purposes, including longevity increments, and that such credits may not be revoked by the School District. Additionally we hold that provisions of the collective bargaining agreement between the School District and the teachers association may not supersede the imperative provisions of former subdivision 6.
 

 At the commencement of their employment by appellant Maryvale School District prior to May 1, 1967, respondent teachers were each granted transfer credits for services performed outside the Maryvale District. The district included such credits in the computation of the teachers’ base salary for the two academic years 1968-1969 and 1969-1970, but refused to take such credits into account in the computation of longevity increments on the ground that under the 1968 amendment to the collective bargaining agreement longevity increments were to be based only on years of service actually performed in the district.
 

 The teachers, claiming that they were entitled to the benefits of the transfer credits in computation of longevity increments pursuant to the terms of their amended collective bargaining agreement, took the issue through grievance procedures to arbitration. In an advisory award the arbitrator upheld the position of the School District, without prejudice, however, to the right of the teachers association to pursue the
 
 *141
 
 matter further through an appeal to the State Commissioner of Education.
 

 The teachers then appealed to the Commissioner of Education who held that transfer credits must be considered in determining longevity increases and directed the School District to pay the longevity increments for the school years 1968-1969 and 1969-1970 and thereafter in future years. The commissioner’s determination was predicated on the last proviso clause of subdivision 6 of section 3102 of the Education Law: "The school authorities may grant transfer credit to a teacher in their discretion, provided, however, that such authorities shall not thereafter have the power to revoke any such grant heretofore or hereafter made to a teacher, and provided, further, that any year of transfer credit so granted shall be counted as a year of service in the district.”
 

 The School District then instituted the present article 78 proceeding to review the commissioner’s determination. Special Term in an initial decision upheld the commissioner in all respects. When that court’s attention was invited to the repeal of subdivision 6 of section 3102 by chapter 123 of the Laws of 1971, reargument was permitted and the court’s decision was modified to uphold the commissioner’s determination with respect to the years 1968-1969 and 1969-1970 but to reverse his determination as to years following the repeal of subdivision 6.
 

 On cross appeals the Appellate Division, in effect, modified the revised decision at Special Term, affirming the commissioner’s ruling with respect to the prerepeal school years, reversing Special Term by holding that transfer credits granted prior to repeal must continue to be counted for longevity purposes as to postrepeal school years, and remanding to the commissioner the question whether transfer credits granted (subject to revocation) after repeal should be counted in computing longevity increments.
 

 On remand the Commissioner of Education determined only that transfer credits granted prior to the date of repeal should continue to be counted for all salary purposes, including longevity increments, in years after repeal. No ruling was made by the commissioner with respect to the treatment to be accorded transfer credits granted after the repeal date.
 

 On appeal by the School District from the final determination of the Commissioner of Education pursuant to CPLR 5601 (subd [d]), we now affirm. In so doing we note that our review
 
 *142
 
 is limited, to the nonfinal determination at the Appellate Division (CPLR 5501, subd [b]). Thus the only issues presented for our scrutiny concern the effect to be accorded transfer credits granted prior to April 12, 1971, the effective date of the repeal of subdivision 6 of section 3102. No question is before us with respect to revocable transfer credits which may be granted by the School District after that date.
 

 The disposition of this appeal turns on the resolution of three interrelated issues. First, we agree with the courts below that there is no basis here for disturbing the determination of the Commissioner of Education that subdivision 6 of section 3102 of the Education Law during the period in which it was effective mandated the recognition of transfer credits by the Maryvale School District in salary computations for all purposes, including longevity increments. The interpretation placed on a statute by the agency charged with its administration if not irrational or unreasonable will be upheld
 
 (Matter of Howard v Wyman, 28
 
 NY2d 434). It cannot accurately be said that there is anything of the irrational or unreasonable in the interpretation placed by the commissioner on subdivision 6 of section 3102. Even more significant, under section 310 of the Education Law, determinations made by the commissioner are "subject to markedly limited judicial review as compared with other administrative agencies of government”
 
 (Matter of Ocean Hill-Brownsville Governing Bd. v Board of Educ. of City of N. Y.,
 
 23 NY2d 483, 485). In the verbalization of our court in other cases, the determination of the commissioner here was not "purely arbitrary”
 
 (Matter of Baer v Nyquist,
 
 34 NY2d 291, 298). Indeed, rather than approaching the threshold of judicial interference, the decision of the commissioner in this instance was eminently sound and reasonable. To have placed any other interpretation on subdivision 6 would have been more likely to invite judicial intervention.
 

 Second, we are entirely in agreement with the view taken by the Appellate Division and adopted by the commissioner that there is nothing in the repeal of subdivision 6 or in the legislative history of chapter 123 of the Laws of 1971 (especially in view of the fact that subdivision 4 of section 3101 was not repealed) to suggest that the School District may at any time cease to count transfer credits which were irrevocable at the time they were granted. It is clear that chapter 123 of the Laws of 1971, while leaving undisturbed the right of school districts to grant transfer credits, removed the pre-existing
 
 *143
 
 restriction that transfer credits once granted could not thereafter be revoked. The Legislature did not, however, by the statutory relaxation of 1971, undermine the irrevocable status of transfer credits granted while subdivision 6 was in effect. We do not need here to reach the issue as to whether, had it chosen to do so, the Legislature could have modified the irrevocable character of pre-April 12, 1971 transfer credits. It suffices for the purposes of this appeal to join in the conclusions of the commissioner and the Appellate Division that nothing in the enactment of chapter 123 indicates any such intention.
 

 Third, and finally, we conclude that the provisions of the collective bargaining agreement between the parties, however explicit or clear their content may be, cannot operate to supersede the imperative provisions of the Education Law, specifically in this instance, the command of subdivision 6 of section 3102 (as properly interpreted by the commissioner) that transfer credits granted "shall be counted as a year of service in the district” for all compensation purposes. While in general it is true that any subject with respect to terms and conditions of employment in controversy between a board of education and its teachers may be the subject of collective bargaining under the Taylor Law (Civil Service Law, § 204) and of consequent arbitration under a broad arbitration clause, there are limits to this principle. Thus the scope of such permitted and encouraged bargaining and arbitration is limited by plain and clear prohibitions found in statute or decisional law and may be further restricted by considerations of objectively demonstrable public policy
 
 (Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers’ Assn.],
 
 37 NY2d 614, and cases cited therein). We hold that the continuing imperative of former subdivision 6 imposes such limitation in the present instance.
 

 We are not to be understood as necessarily holding that transfer credits are for all purposes to be excluded from the reach of collective bargaining and associated arbitration. Thus, while such questions are not before us on this appeal and we therefore express no opinion with respect to them, for purposes of clarifying our present holding we note that certain aspects of transfer credit can be distinguished from the issue which we now decide—for instance, whether and on what terms a board of education may commit itself to exercise its discretionary authority to grant transfer credits in the first
 
 *144
 
 instance; whether the board may insist that transfer credits granted after the repeal of subdivision 6 be recognized for purposes of computing certain components of compensation only, or indeed be entirely ignored for salary purposes; whether and to what extent the board may adopt a self-imposed limitation on the freedom accorded it by the repeal of subdivision 6 to revoke transfer credits granted after April 12, 1971. There may be other distinguishable aspects.
 

 The heart of our present holding is that where, as with the issue now before us, there is an imperative provision of the Education Law, to the extent that such provision is imperative, it is beyond the power of the parties to alter or modify the statutory provision by collective bargaining, agreement to arbitrate or otherwise. Thus, no provision of the amended collective bargaining agreement between the parties here, however interpreted or construed, may be permitted to supersede the determination of the Commissioner of Education that transfer credits granted prior to April 12, 1971 shall be honored in computation of longevity increments.
 

 Accordingly, finding no error in the order of the Appellate Division to which our power of review is limited under CPLR 5501 (subd [b]) on the present appeal under CPLR 5601 (subd [d]) from the final determination of the Commissioner of Education, that final determination should be affirmed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
 

 Determination affirmed, with costs.