In the Matter of the Arbitration between BINGHAMTON CIVIL SERVICE FORUM, Respondent, and CITY OF BINGHAMTON, Appellant.

Third Department, April 14, 1977

*Patrick J. Raymond, Corporation Counsel (John W. Park* of counsel), for appellant.

*Conte & Helisek (Frederick P. Conte* of counsel), for respondent.

GREENBLOTT, J. One of the terms of a collective bargaining agreement between the City of Binghamton as employer and the Binghamton Civil Service Forum as employee representative provided that "[n]o [covered] employee shall be disciplined or discharged without just cause." Another contained a clause whereby any dispute between the parties, including one concerning the meaning or interpretation of the agreement itself, was to be finally resolved by arbitration. The Forum successfully moved at Special Term to confirm the award of an arbitrator by which one of its members was directed to be reinstated, although without back pay and with a fine, to the position from which he had been discharged and the city now appeals.

The arbitrator found that the grievant had received bribes. He stated, "was the discharge for just cause? Standing alone the resolution of this question would be almost instant. A city official receiving a gratuity from a Vendor is inviting discharge. He is in fact constructively signing a blanket resignation." Thus the arbitrator obviously determined the factual issue of "just cause" in favor of the city.

However, the arbitrator then proceeded to relieve the grievant of responsibility for his acts by saying that they must be measured against "two related events". He stated that the first of these related events occurred when the Mayor of the City of Binghamton received a campaign contribution from an

officer of the vendor, which he returned. We see nothing illegal about a situation where a candidate for public office returns a contribution after discovering that the contributor may possibly have had a dishonest motive in making the contribution.

Secondly, the arbitrator equated this case with a case of another city employee who apparently had been reinstated after a discharge for receiving gifts. The two cases are distinguishable. In the other proceeding, the agreement expressly granted the arbitrator power to determine if a sentence was excessive, and to reduce it if he so found. Here, the finding of whether there was just cause for the disciplinary action taken is at the periphery of the arbitrator's power under the not so broad clause in the contract governing these parties.

Furthermore, the arbitration award is violative of a strong public policy (see *Matter of Associated Gen. Contrs., N. Y. State Chapter [Savin Bros.]*, 36 NY2d 957). The policy of this State is clear and distinct. Section 30 of the Public Officers Law states: "Every office shall be vacant upon * * * [the holder's] conviction of a felony, or a crime involving a violation of his oath of office". While it is true that the grievant herein was not convicted of any felony, there is no dispute that he committed acts which constituted participation in the vendor's officer's acts of bribery. Under these circumstances, the public policy of this State compels the conclusion that municipal authorities not be restricted in their power to discharge employees who participate in criminal acts in the absence of a clear and express waiver of that power.

The order and judgment should be reversed, on the law and the facts, with costs; the application to confirm award denied and cross motion to vacate award granted.

KANE, J. (dissenting). We agree that the arbitrator's decision is internally flawed and indorse the criticism leveled at his reasoning. However, the ability of the judiciary to review an arbitrator's award is limited by statute (CPLR 7511, subds [b], [c]) and errors of fact or law committed by him are not ordinarily subject to correction by the courts *(Matter of Associated Teachers of Huntington v Board of Educ., Union Free School Dist. No. 3, Town of Huntington*, 33 NY2d 229, 235). When the authority of an arbitrator is questioned our task is to determine whether he interpreted the agreement of the parties or improperly created a new one, either by ignoring an express limitation on his powers or by giving the contract a

completely irrational construction *(Matter of Civil Serv. Employees Assn., Steuben County Chapter v County of Steuben,* 50 AD2d 421, 425). Inasmuch as no restriction was placed on the arbitrator's power in the present agreement, except to provide that he could not amend or modify it, the parties have already answered the first phase of our inquiry.

Furthermore, it should be observed that no attempt was made to define "just cause". Were this a case involving an employee in the private sector, we would conclude that the interpretation placed on that term by the arbitrator was not completely irrational for he merely decided that the receipt of a gratuity did not here rise to the level of just cause for dismissal (see *Local 453, Int. Union of Elec., Radio and Mach. Workers, AFL-CIO v Otis Elevator Co.,* 314 F2d 25, cert den 373 US 949; *Matter of Girvan, Inc. [Robilotto],* 33 NY2d 425). While it is undoubtedly true that statutes and considerations of public policy sometimes dictate that a particular matter is beyond the power of contracting parties to negotiate or justify the refusal of a court to give complete effect to an arbitrator's award *(Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774; *Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist,* 38 NY2d 137), we find nothing in the provisions of section 805-a of the General Municipal Law, relied upon by the city, which would render the arbitrator's award irrational in the instant situation involving a public employee. That section does not inflexibly mandate discharge as the only punishment for its violation (General Municipal Law, § 805-a, subd 2). Thus, there is no imperative statutory bar to a lesser sanction (cf. *Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist, supra,* p 144) and the agreement simply afforded a nonobjectionable parallel method by which the alleged misconduct of employees might be evaluated *(Board of Educ. of Union Free School Dist. No. 3 of Town of Huntington v Associated Teachers of Huntington,* 30 NY2d 122, 131, 132; *Matter of Civil Serv. Employees Assn. v Lombard,* 50 AD2d 708). So too, although the section of law emphasized by the majority (Public Officers Law, § 30) does provide for the automatic dismissal of those who run afoul of its terms, the arbitrator did not irrationally invade the domain of public policy with respect to it for the employee never supplied the conviction necessary for its application.

In negotiating its contract with the Forum, the city could

have sought to incorporate its code of ethics and relevant portions of the General Municipal Law into the agreement, or it could have attempted to divest an arbitrator of authority to review the measure of discipline imposed. Either approach might have avoided the result it now finds repugnant, but, having bargained to arbitrate what constituted "just cause", we will not resort to strained concepts of public policy to rectify its disappointment with the award regardless of the factual inappropriateness of that result *(Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578).

The judgment should be affirmed.

KOREMAN, P. J., and HERLIHY, J., concur with GREENBLOTT, J.; KANE and MAHONEY, JJ., dissent and vote to affirm in an opinion by KANE, J.

Order and judgment reversed, on the law and the facts, with costs; application to confirm award denied and cross motion to vacate award granted.