In the Matter of NEW YORK STATE DEPARTMENT OF MENTAL HYGIENE, Respondent, v COUNTY OF BROOME et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered March 23, 1977 in Broome County, which granted a motion by plaintiff for summary judgment. The facts are not in dispute. In 1973 Michael Hudak was acquitted of charges of murder and attempted murder by a Broome County Court jury by reason of mental disease or defect. Pursuant to CPL 330.20, the court ordered Hudak committed to the custody of the Commissioner of Mental Hygiene. After paying the first bill for Hudak's care and treatment in the Binghamton Psychiatric Center, where he had been placed by the commissioner, the defendant refused to pay subsequent bills. The plaintiff based the defendants' liability upon former subdivision (c) of section 43.03 of the Mental Hygiene Law, which, prior to its amendment by chapter 656 of the Laws of 1977, effective August 1, 1977, provided that: "Patients receiving services while being held pursuant to order of a criminal court or for examination pursuant to an order of the family court shall not be liable to the department for such services. Fees due the department for such services shall be paid by the county in which such court is located." The defendants'

claim of no liability is based upon its contention that Hudak's commitment was of a civil, not a criminal nature and that, accordingly, former subdivision (c) of section 43.03 of the Mental Hygiene Law was inapplicable. Special Term agreed with the plaintiff and awarded it summary judgment for $56,618.80. We agree with Special Term. Defendant makes a strong argument based upon *People v Lally* (19 NY2d 27) and CPL 10.10 (subd 7). In *People v Lally (supra)* the Court of Appeals held that an application for discharge by a person committed to an institution under the predecessor to CPL 330.20 (the former Code Crim Pro, § 454) was a civil proceeding. CPL 10.10 (subd 7) provides that a court "which possesses civil as well as criminal jurisdiction does not act as a criminal court when acting solely in the exercise of its civil jurisdiction, and an order or determination made by such a court in its civil capacity is not an order or determination of a criminal court even though it may terminate or otherwise control or affect a criminal action or proceeding." *People v Lally (supra),* however, did not hold that the initial order committing the defendant acquitted by reason of mental disease or defect was a civil order. There is no reported case in which, for the purpose of determining whether a county is to pay for services provided by the Department of Mental Hygiene, a court has addressed the question of whether a commitment under CPL 330.20 "pursuant to order of a criminal court" as defined by the former subdivision (c) of section 43.04 of the Mental Hygiene Law or by order of a civil court. In a recent case in which the constitutionality of CPL 330.20 (subd 1) was upheld in the face of an attack upon the ground that it provided for a commitment without a hearing, the Court of Appeals stated: "It has been forcefully said, and with much logic, that '[a]lthough acquittal represents a lack of criminal culpability, and therefore makes punitive treatment inappropriate, reliance on the insanity defense is tantamount to an admission that the person performed the criminal act in question and has therefore been dangerous to the community' " *(People ex rel. Henig v Commissioner of Mental Hygiene,* 43 NY2d 334, 338). Although the *Henig* case has no direct bearing on the issue in the instant case, it does stand for the proposition that a commitment under CPL 330.20 is not entirely civil in nature. Because there is no direct authority herein, and since section 43.03 of the Mental Hygiene Law, as in effect at the times herein, is not susceptible to a ready interpretation, we resort to rules of construction. By said chapter 656 of the Laws of 1977, effective August 1, 1977, the second sentence of subdivision (c) of section 43.03 of the Mental Hygiene Law was amended to read as follows: "Fees due the department for such services shall be paid by the county in which such court is located *except that counties shall not be responsible for the cost of services rendered patients committed to the department pursuant to section 330.20 of the criminal procedure law"* (new language italicized). In examining the effect of an amendment to a statute, the following rule of construction is applicable: "in enacting an amendment of a statute the Legislature, by changing the language, is deemed to have intended to materially change the law, and courts must seek the new legislative purpose and construe the law so that it may be effectuated, for otherwise the amendment would be nugatory" (McKinney's Cons Laws of NY, Book 1, Statutes, § 193, subd a). "It is presumed that an amendment was made to effect some purpose, and to make some change in the existing law" (§ 191). Applying these rules to the existing case, it appears that before subdivision (c) of section 43.03 of the Mental Hygiene Law was amended, a commitment under CPL 330.20 placed responsibility for payment of fees for services performed by the department upon the county. In so deciding, we also reaffirm the well-established rule

that the interpretation placed upon a statute by the agency charged with its enforcement, the respondent herein, will be upheld if not irrational or unreasonable *(Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist,* 38 NY2d 137). Order affirmed, with costs. Greenblott, J. P., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur. [89 Misc 2d 354.]