*534 OPINION OF THE COURT
Norman A. Stiller, J.
This is a motion made by the county to vacate an arbitrator’s award pursuant to CPLR 7511. The arbitration was held in accordance with article VIII of a collective bargaining agreement between the parties. That agreement provides, in relevant part, that the Civil Service Employees Association (CSEA) is recognized as the exclusive negotiating agent for all employees "occupying positions in those titles listed in Appendix A”. The agreement also requires that the first presentation of a grievance "must occur within twenty (20) working days after the grievant could reasonably have first knowledge of the alleged grievance”.
On December 27, 1977 the Niagara County Legislature adopted Resolution 555-77 which upgraded the position of Stenographic-Secretary/County Attorney from Group VII Step 8 to Group IX Step 2, effective January 1, 1978. The grievance which resulted in the arbitration award challenged here was filed more than 20 working days after the resolution was enacted, but less than 20 working days after CSEA first knew of the resolution. A motion to stay the arbitration on the sole ground that grievance procedures were not timely commenced, was denied by this court (Honorable James B. Kane) on June 2, 1978. In his memorandum decision on that motion, Justice Kane held that the question of timeliness was for the arbitrator and not the court to determine.
The arbitrator decided that the grievance was timely, and, on the merits, that the person whose job had been upgraded was a member of the bargaining unit. As such, CSEA was entitled to negotiate any upgrading which had the effect of granting preferred status to one employee over others.
The arbitrator’s decision that the grievance was timely and that CSEA was entitled to participate in the proposed upgrading, are attacked here as irrational and perverse misconstructions of the contract, the effects of which are to rewrite the parties’ agreement in a manner contrary to public policy. CSEA defends the arbitrator’s decision as being within his powers and consistent with the evidence.
The function of the court reviewing arbitration awards is narrowly limited by CPLR 7511 and the cases construing it. Thus, the court’s disagreement with an arbitrator’s decision is an inadequate basis upon which to upset it. (Matter of Civil *535 Serv. Employees Assn. v Lombard, 50 AD2d 708, affd 41 NY2d 915.) It has been repeatedly held that an arbitrator’s award may be vacated only where it is "completely irrational”, where the agreement providing for arbitration limits or is construed to limit the arbitrator’s power, or where the arbitrator has been guilty of misconduct. (Lentine v Fundaro, 29 NY2d 382.)
Here the claim of complete irrationality and perverse misconstruction is asserted by the county. That claim is not supported by the papers submitted on this motion. The arbitrator could have and did find that the person whose job was upraded had been treated by the county as a member of the bargaining unit even though she had a separate job description. Whether for accounting purposes or some other reason, the upgraded secretary was assigned the same job code as secretaries who are admittedly in the bargaining unit. Further, the legislature’s resolution upgrading the employee makes specific reference to job groups set forth in the agreement. On these facts the court cannot conclude that the award was irrational or represents a perverse misconstruction of the contract. While it might have been preferable for the arbitrator to set forth the reasons for his decision and award, his failure to do so does not justify vacating the award. (Matter of Cinebox Gen. Adv. [Societa Int. Fonovision], 22 NY2d 705.)
The same is true of the arbitrator’s decision to count the 20-day period of time for filing a grievance from CSEA’s actual knowledge of the upgrading, as opposed to constructive knowledge of the legislature’s action. (Matter of Three Vil. Teachers Assn. v Three Vil. Cent. School Dist. No. 1, 56 AD2d 604.)
The motion is denied and the arbitrator’s award is confirmed.