■ In the Matter of the Arbitration between PETER J. DE PAULO et al., Respondents, and CITY OF ALBANY et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered April 17, 1979 in Albany County, which granted petitioners' motion to confirm an arbitration award, and which denied respondents' cross motion to vacate that award. Petitioner Peter J. De Paulo, on December 5, 1975, was a police officer in the Police Department of the City of Albany. On June 18, 1976, charges of "Neglect of Duty" were submitted against Officer De Paulo. The charges arose out of conduct alleged to have occurred on December 5, 1975 when Officer De Paulo, without having authority to do so, released an impounded vehicle to its owner before bail or a towing charge had been obtained from the driver. It was also alleged that he filed a false report. Petitioner was indicted upon a charge of official misconduct (Penal Law, § 195.00), and ultimately pleaded guilty to the offense of disorderly conduct (Penal Law, § 240.20). As a result of the plea, Officer De Paulo was fined the sum of $150. Pursuant to his rights under article IV of the collective bargaining agreement between the City of Albany and the Albany Police Officers Union, Officer De Paulo demanded that the charges against him be tried before an impartial arbitrator. The City of Albany moved to stay arbitration. The motion was denied. The parties selected an arbitrator who heard the charges and made an award. The arbitrator found Officer De Paulo guilty of some, but not all of the charges. He imposed a penalty of suspension without pay to and including July 31, 1977, and directed that Officer De Paulo be reinstated with back pay from August 1, 1977. Counting the initial 30-day suspension pending the charges, the penalty imposed upon Officer De Paulo was suspension without pay for one year and 35 days, resulting in a loss of salary and holiday pay of $14,486. Appellants contend, under the facts involved here, that the award is contrary to public policy in that it sanctions the admitted criminal conduct of a public officer who has sworn to uphold the law. The sole issue is whether the arbitrator's award is violative of public policy. The scope of permitted and encouraged bargaining and arbitration is limited by plain and clear prohibition found in statute or decisional law, and may be further restricted by considerations of objectively demonstrable public policy (*Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist,* 38 NY2d 137; *Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614). Special Term granted the motion to confirm the arbitrator's award on the authority of *Binghamton Civ. Serv. Forum v City of Binghamton* (44 NY2d 23). Respondents contend the holding in the *Binghamton* case is dispositive of this appeal. We agree. In the *Binghamton* case, a public employee admitted that he had breached the duties of his employment by taking a bribe. After he was summarily discharged on the basis of this admission, he initiated a labor grievance procedure which went to arbitration, pursuant to a collective bargaining agreement. The arbitrator found that, despite the admission, discharge was inappropriate, and he substituted a penalty of a six-month suspension in place of discharge. In *Binghamton Civ. Serv. Forum v City of Binghamton (supra,* pp 29-30), the Court of Appeals stated as follows: "Inasmuch as the arbitrator had the power to determine whether the grievant had been discharged for just cause, the only question remaining is whether the arbitrator, in reducing the penalty

imposed upon the grievant, did violence to the expressed public policy of the State which would require vacating an award not otherwise reviewable for errors of law and fact. * * * The public policy of this State, as evidenced by statutory and decisional law, is devoid of any indication that a bribe-receiving public employee must be discharged so as to justify the refusal of a court to give effect to the award of the arbitrator. * * * Having bargained to arbitrate whether there was just cause for the discipline or discharge of a municipal employee, and having submitted that very issue to the arbitrator, the city is bound by the determination of the tribunal to which the dispute was submitted. The fact that a different result might have been reached had the dispute been resolved in the courts is of no moment and does not empower a court to substitute its judgment for that of the arbitrator. The fact that we may disagree with the wisdom and advisability of the arbitration award, gives us no license, as a court of law, to impose what we may feel is a more appropriate remedy. The bargain, having been struck, must now be honored." Under the circumstances here where the disciplinary charges were properly submitted to arbitration, and since appellants have not established any of the grounds upon which an arbitrator's award may be vacated, the arbitrator's award was properly confirmed (CPLR 7511). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.