In the Matter of BOARD OF EDUCATION OF THE KATONAH-LEWIS-
BORO UNION FREE SCHOOL DISTRICT, Appellant, v GORDON
AMBACH, as Commissioner of Education of the State of
New York, et al., Respondents.

Third Department, October 30, 1980

### APPEARANCES OF COUNSEL

*Kaye, Scholler, Fierman, Hays & Handler (Jeffrey A. Kehl* of counsel), for appellant.

*Robert D. Stone (Paul E. Sherman* and *Paul E. Sherman, Jr.,* of counsel), for Gordon Ambach, respondent.

*Paul E. Klein (Janet Axelrod* of counsel), for Bernard Sweeney, respondent.

### OPINION OF THE COURT

MIKOLL, J.

Petitioner is the Katonah-Lewisboro Union Free School District. Respondent Sweeney is employed as a school teacher for petitioner. In September, 1968 respondent was granted prior service credit for nine years of work experience outside the school district. When the credits were granted, there was in effect subdivision 6 of section 3102 of the Education Law, which provided as follows: "The school authorities may grant transfer credit to a teacher in their discretion, provided, however, that such authorities shall not thereafter have the power to revoke any such grant heretofore or hereafter made to a teacher, and provided, further, that any year of transfer credit so granted shall be counted as a year of service in the district."

The statute was repealed on April 12, 1971. On November 8, 1971 petitioner and the Katonah-Lewisboro Teachers' Association concluded negotiations for a collective bargaining agreement for the period July 1, 1971 to July 1, 1972. It provided increments for teachers serving in the district for 15 years and up. Only service in the petitioner's school district counted toward earning the increment.

On June 7, 1976 respondent Sweeney, on behalf of himself and the Katonah-Lewisboro Teachers' Association, demanded that the school district include prior service credit in the computation of longevity increments for teachers in the district before the repeal of section 3102 of the Education Law. This demand was turned down by the superintendent of schools. Respondent made a second demand of the same nature on July 13, 1978. This was denied by the superintendent on July 28, 1978. Respondent appealed the denial to the Commissioner of Education, who found that teachers were entitled to longevity increments based on transfer credits granted for both in and out of district service. The commissioner found that the two-year delay in appealing the first denial by the superintendent was inexcusable and decreed that petitioner need pay only additional longevity from July 28, 1978.

An article 78 proceeding to annul the commissioner's determination was brought on June 31, 1979. Special Term found that the commissioner had properly interpreted subdivision 6 of section 3102 of the Education Law and further found that the teachers' claims were timely raised.

■ On this appeal, the petitioner urges that Special Term erred in affirming the determination of the Commissioner of Education and that his decision was, in effect, arbitrary and unreasonable. Special Term properly concluded that the Court of Appeals decision in *Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist* (38 NY2d 137 [hereafter *Maryvale]*), is determinative of the issue. In *Maryvale,* the Court of Appeals said that a statutory imperative may not be altered or amended by a collective bargaining agreement and that in repealing subdivision 6 of section 3102 of the Education Law, the Legislature did not intend to undermine the irrevocable status of transfer credits granted while subdivision 6 was in effect. The attempt by the employer to contract away such a statutory right to transfer credit with an employee organization was declared void. The determination of the Commissioner of Education is in conformity with the decisional law of this State.

■ Petitioner urges, too, that respondent Sweeney's administrative claim is time barred because he failed to appeal to the Commissioner of Education within four months of the school district's refusal to accede to his demand for transfer credits. Petitioner's argument is without merit. The four-

month statutory period to commence an article 78 proceeding in the nature of mandamus does not apply in an administrative proceeding. Special Term properly rejected petitioner's contention that the commissioner should have dismissed this administrative appeal and decreed that laches was not applicable unless petitioner could show it was disadvantaged by the teachers' delay in filing the appeal. Since the relief granted by the commissioner was prospective in nature, the petitioner was not prejudiced by the delay in filing the appeal. The relief granted was proper.

The judgment should be affirmed, with costs.

GREENBLOTT, J. P., KANE, CASEY and HERLIHY, JJ., concur.

Judgment affirmed, with costs.