OPINION OF THE COURT
Thomas E. Mercure, J.
By this special proceeding, petitioner, Mabel A. Pierre, widow of the late George Pierre, petitions this court to vacate the decision of a master arbitrator who upheld the decision of an expedited arbitrator denying petitioner’s claim for a $2,000 insurance no-fault death benefit.
Petitioner contends that the arbitrator and master arbitrator erred by permitting respondent to introduce into evidence, over objection, as its only evidence an unsworn letter from a cardiologist who was not present for cross-examination at arbitration. Petitioner contends that the arbitrator based his entire decision upon the giving of inordinate dispositive weight to this letter, despite a preponderance of evidence to the contrary.
Mr. Pierre was involved in a two-car collision on January 18, 1980, in which he sustained injury and was treated in the emergency ward of a hospital. It was determined at *89 the hospital that the traumatic injuries were superficial (he had complained of pain in his left arm, shoulder and neck), and he was discharged to his home for further treatment by his family physician. On January 24, 1980, Mr. Pierre was brought to the same hospital after collapsing, and he died that day in the hospital of pre-existing coronary heart disease.
The issue, inter alia, before the arbitrator was whether the accident of January 18, 1980 was to be considered a proximate cause to the precipitous death of Mr. Pierre on January 24, 1980.
An arbitrator’s award may be vacated only upon the grounds enumerated in CPLR 7511 and if the party seeking to vacate cannot establish one of the grounds the award must be confirmed. (Matter of Civil Serv. Employees Assn., Monroe County Ch. v Lombard, 50 AD2d 708, affd 41 NY2d 915; CPLR 7511, subd [b].) In the instant case, petitioner relied on CPLR 7511 (subd [b], par 1, cl [iv]) arguing that the unsworn letter of a cardiologist should not have been admitted into evidence without petitioner being afforded the right to cross-examine the physician himself.
CPLR 7511 (subd [b], par 1, cl [iv]) states:
“1. The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds the rights of that party were prejudiced by * * *
“(iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection.”
The arbitrator issued an award wherein he denied petitioner’s claim for the $2,000 death benefit and petitioner appealed to a master arbitrator to review the award on two grounds:
(1) Petitioner was denied due process by her inability to cross-examine the respondent’s witness cardiologist; and
(2) That the arbitrator exceeded his power in admitting into evidence the unsworn letter of respondent’s witness, a cardiologist.
*90 The authority for a master arbitrator to review an arbitrator’s award is derived from section 675 of the Insurance Law and includes review of “whether the award is supported by evidence or other basis in reason”. (Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d 493, 508.) The master arbitrator may, in addition, review questions of law (11 NYCRR 65.17) which are not normally reviewable under CPLR article 75. (Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207.)
In the case at bar the master arbitrator held that the initial arbitrator did not exceed his powers by admitting the unsworn letter of respondent’s witness (a cardiologist). He further held that there was no encroachment upon due process when he admitted the letter, over objection, despite petitioner’s inability to cross-examine the physician on the letter’s contents. The master arbitrator noted that there was no request to adjourn and subpoena said physician and the arbitration went on to its completion. The master arbitrator determined that, therefore, the objection was waived. CPLR 7506 (subd [c]) states in pertinent part: “[T]he arbitrator may hear and determine the controversy upon the evidence produced.”
CPLR 7506 (subd [f]) states: “Waiver. Except as provided in subdivision (d), a requirement of this section may be waived by written consent of the parties and it is waived if the parties continue with the arbitration without objection.” Here objection was made by petitioner but she failed to object to a continuation of the arbitration and due process was served in the opinion of this court. An arbitrator’s award cannot be set aside on the ground that the arbitrator admitted incompetent evidence. See Matter of Sprinzen (Nomberg) (46 NY2d 623), where at pages 629-630 the Court of Appeals stated: “[A]n arbitrator’s award will not be vacated for errors of law and fact committed by the arbitrator * * * and ‘[e]ven where the arbitrator states an intention to apply a law, and then misapplies it, the award will not be set aside (Matter of Schine Enterprises ***26 NY2d 799, 801).”
The no-fault procedure, while not a consensual arbitration in which both sides choose arbitration for their dispute, is not compulsory arbitration as such since it is *91 available only at the claimant’s option (Siegel, New York Practice, § 602, pp 864-865). Petitioner herein chose the forum and even if there is disagreement with the arbitrator’s decision, this court finds that it is an inadequate basis upon which to upset it. (Civil Serv. Employees Assn. v County of Niagara, 102 Misc 2d 533.) Save for complete irrationality, arbitrators are free to fashion applicable rules and determine the facts of a dispute before them without their award being subject to judicial review. (See, also, Lentine v Fundaro, 29 NY2d 382.) This court finds no such irrationality in the arbitrator’s construction of the evidence and testimony before him and will not disturb the decisions made by the arbitrator and master arbitrator.
On all of the above, the application of petitioner is denied.