■ In the Matter of GREENWICH CENTRAL SCHOOL DISTRICT, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.) entered January 18, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education holding that certain transfer credits accorded to respondents James McClay and John Traver were irrevocable.

On June 8, 1982, petitioner and the Greenwich Teachers' Association entered into a new collective bargaining agreement which included a salary schedule based, in part, on longevity credits. The schedule afforded teachers credit for out-of-district service at the rate of one-half year of credit for each year of such service. Accordingly, respondents John Traver and James McClay, teachers first employed by petitioner in 1964 and 1970, were credited, respectively, with one and two years of service within the school district for two- and four-year periods of service rendered elsewhere in the State.

Several of the teachers, including Traver and McClay, learned of the salary schedule provision in May of 1982 and immediately protested the reduction in their transfer credits. In due course, their protest reached respondent Commissioner of Education who, in a decision dated May 10, 1983, restored full transfer credits to the teachers. Special Term's dismissal of petitioner's CPLR article 78 proceeding to annul the Commissioner's determination prompted this appeal.

At the time Traver and McClay were hired, subdivision 6 of former section 3102 of the Education Law made transfer credits granted to teachers irrevocable for purposes of salary computations, including longevity increments (see *Matter of Union Free School Dist. No. 2 v Nyquist,* 38 NY2d 137, 142). Nothing in the repeal of subdivision 6 of section 3102 (L 1971, ch 123) indicates that a school district may refrain from counting in their entirety transfer credits which were irrevocable when granted. Furthermore, a collective bargaining agreement between a school district and a teachers association, however explicit, "may not supersede the imperative provisions of former subdivision 6" (*Matter of Union Free School Dist. No. 2 v Nyquist, supra,* p 140).

Inasmuch as it is undisputed that Traver and McClay were allowed transfer credits prior to the repeal of subdivision 6 and that neither made a knowing and voluntary waiver of his irrevocable right to be furnished full transfer credit (see, e.g., *Matter of Roman v Tompkins-Seneca-Tioga Bd. of Coop. Educational Servs.,* 98 AD2d 835, 836), the Commissioner's determination cannot be said to be either arbitrary or capricious and, therefore, must be upheld.

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.