In the Matter of UNION FREE DISTRICT #15, TOWN OF HEMPSTEAD, Appellant, v LAWRENCE TEACHERS ASSOCIATION, Respondent. [822 NYS2d 767]—

In a proceeding pursuant to CPLR article 75 to vacate a demand for arbitration served by the respondent and to stay the arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (Davis, J.), entered January 5, 2005, which denied the petition and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

In 2002 the parties entered into a stipulation of settlement (hereinafter the stipulation) regarding special education services for children living within Union Free District #15, Town of Hempstead (hereinafter the petitioner). The stipulation provided that if a dispute arose regarding its terms, that dispute would be arbitrable pursuant to the terms of the collective bargaining agreement between the parties. A dispute did, in fact, arise over the stipulation, and the respondent filed a demand for arbitration. The petitioner commenced the instant proceeding to vacate the demand for arbitration and to stay the arbitration, asserting that for public policy reasons, the dispute was not arbitrable. The Supreme Court denied the petition and directed the parties to proceed to arbitration. We affirm.

The Supreme Court properly upheld the arbitration clause contained in the stipulation between the parties. The petitioner failed to identify any authority, either in statutes or in case law, suggesting that there is any public policy against arbitrating the dispute between it and the respondent (*cf. Matter of Union Free School Dist. No. 2 of Town of Cheektowaga v Nyquist,* 38 NY2d 137, 144 [1975]). Indeed, a stay of arbitration is reserved for disputes involving "a public policy of the first magnitude" (*Matter of Aimcee Wholesale Corp. [Tomar Prods.],* 21 NY2d 621, 625 [1968]; *see Matter of Wertlieb [Greystone Partnerships Group],* 165 AD2d 644, 646 [1991]). Further, there is a strong public policy in favor of arbitration (*id.*). The Supreme Court

properly found that a stay of arbitration was unwarranted since the dispute was one in which the arbitrator could use his or her broad powers to fashion a remedy in keeping with public policy (*see Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 411, 418 [1978]). Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.