█ In the Matter of LAWRENCE TEACHERS ASSOCIATION, Appellant, v LAWRENCE PUBLIC SCHOOLS, Respondent. [833 NYS2d 133]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award which, inter alia, directed the respondent, Lawrence Public Schools, to cease and desist from violating a provision of a stipulation between the parties dated May 23, 2002, which required the respondent to designate members of the petitioner's bargaining unit to perform special education services outside of the geographical boundaries of the school district, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Palmieri, J.), entered April 3, 2006, which denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The enforcement of the provision of the stipulation of settlement dated May 23, 2002 between the petitioner and the respondent Lawrence Public Schools, requiring the respondent to designate members of the petitioner's bargaining unit for special education services delivered outside the geographical boundaries of the respondent was contrary to Education Law former § 3602-c (2) (L 1990, ch 53, § 49) in effect at the time of the al-

leged violations of the stipulation. That statutory provision required the respondent to "contract with the school district in which the nonpublic school attended by the pupil is located, for the provision of services pursuant to this section." Since the arbitration award was contrary to well-defined statutory law, it violated public policy and therefore was unenforceable (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.,* 1 NY3d 72, 80 [2003]; *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO,* 99 NY2d 1, 6-7 [2002]). Submitting the dispute to arbitration did not authorize the arbitrator to fashion an award which violated public policy (*see Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411, 418 [1978]; *Matter of Union Free Dist. #15, Town of Hempstead v Lawrence Teachers Assn.,* 33 AD3d 808 [2006]). Crane, J.P., Goldstein, Fisher and Lifson, JJ., concur.