■ In the Matter of NEW YORK RACING ASSOCIATION, INC., Appellant, v LOCAL UNION No. 3 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, Respondent. [906 NYS2d 765]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated June 12, 2009, as violative of public policy, the petitioner appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered September 16, 2009, which denied the petition, confirmed the award, and dismissed the proceeding.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment (*see* CPLR 7514 [a]).

"[T]he scope of the public policy exception to an arbitrator's power to resolve disputes is extremely narrow" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 80, citing *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 6-7 [2002]). In *Matter of N.Y. City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, the Court of Appeals established a two-prong test to determine whether an arbitration award violates public policy (*see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d at 80; *Matter of N.Y. City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d at 8-9, 11). "First, where a court can conclude 'without engaging in any extended factfinding or legal analysis' that a law 'prohibit[s], in an absolute sense, [the] particular matters [to be] decided . . . by [arbitration]' . . . an arbitrator cannot act. Second, an arbitrator cannot issue an award where 'the award itself "violate[s] a well-defined constitutional, statutory or common law of this State" ' " (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d at 80, quoting *Matter of N.Y. City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d at 8-9, 11).

Here, contrary to the petitioner's contention, nothing in Racing, Pari-Mutuel Wagering and Breeding Law § 206 (4) and (5) prohibited, in an absolute sense, the arbitrator from deciding the particular matter decided in the instant arbitration (*see Matter of N.Y. City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d at 9; *cf. Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774, 777 [1976]).

Further, contrary to the petitioner's contention, the arbitration award itself does not violate Racing, Pari-Mutuel Wagering and Breeding Law § 206 (4) and (5) (*see Matter of N.Y. City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d at 11-12; *cf. Matter of Lawrence Teachers Assn. v Lawrence Pub. Schools*, 38 AD3d 779, 779-780 [2007]).

Pursuant to a deferred prosecution agreement (hereinafter the DPA) entered into between the petitioner and the United States Attorney's Office, the petitioner agreed to implement a rule restricting some of its employees from working in certain positions with the New York Racing Association. However, the DPA has expired and there is no indication that the respondent was a party to that agreement. Moreover, if, as the petitioner contends, the subject rule was intended to continue in futuro, or past the expiration of the DPA, the petitioner fails to explain why that Rule was not incorporated into the parties' 2004 to 2007 collective bargaining agreement.

The petitioner's remaining contention refers to matter dehors the record (*see generally Matter of Nelson v Allstate Ins. Co.*, 73 AD3d 929 [2010]).

Accordingly, the Supreme Court properly denied the petition, confirmed the award, and dismissed the proceeding (*see* CPLR 7511 [e]). Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.