■ In the Matter of CHRISTINE SZUMIGALA, Respondent, v HICKSVILLE UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION et al., Appellants, et al., Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Hicksville Union Free School District, which terminated the employment of the petitioner Christine Szumigala and the respondent Elaine Milani, the Board of Education, Howard Schack and Eugene Lovette separately appeal from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated January 4, 1988, which granted the petition, annulled the determination and directed the reinstatement of the petitioner and Milani.

Ordered that the judgment is affirmed, with costs; and it is further,

Ordered that, upon its stipulation, the appeal of the Board of Education is withdrawn.

On February 25, 1987, the Board of Education of the Hicksville Union Free School District (hereinafter the Board of Education) voted to abolish two of the five teaching positions in the health tenure area. In determining which of the two

positions to abolish, the Board of Education calculated the seniority of the five teachers in accordance with a voluntary transfer provision contained in article IX (B) (1) of a collective bargaining agreement, which provides that in the event of a teacher's voluntary transfer to a new tenure area, "his accrued teaching time in the district will automatically be applied to his seniority status in his new tenured teaching position". As a result of the application of this provision, the petitioner and Milani were determined to have the least amount of seniority, despite the fact that both had served longer in the health tenure area than had respondents Howard Schack and Eugene Lovette, whose seniority was greater because of teaching time accrued in another tenure area.

We agree with the Supreme Court that the challenged contract provision contravenes Education Law § 2510. Education Law § 2510 (2), which governs the abolition of positions, provides that "the services of the teacher having the least seniority in the system *within the tenure of the position abolished* shall be discontinued" (emphasis supplied). The contract provision challenged here violates the mandate of Education Law § 2510 since it permits the inclusion of service accrued in a separate tenure area to be applied toward seniority within the tenure of the position abolished *(see, Honeoye Falls-Lima Cent. School Dist. v Honeoye Falls-Lima Educ. Assn.,* 49 NY2d 732; *cf., Matter of Schlosser v Board of Educ.,* 62 AD2d 207, *affd* 47 NY2d 811). "[W]here * * * there is an imperative provision of the Education Law, to the extent that such provision is imperative, it is beyond the power of the parties to alter or modify the statutory provision by collective bargaining, agreement to arbitrate or otherwise" *(Matter of Union Free School Dist. No. 2 v Nyquist,* 38 NY2d 137, 144). Accordingly, the Supreme Court properly ordered the reinstatement of the petitioner and Milani since they had greater seniority "within the tenure of the position abolished" than did respondents Schack and Lovette (Education Law § 2510 [2]).

We have examined the remaining contentions of the respondents Schack and Lovette and find them to be without merit. Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.