◼ In the Matter of Mulvihill Electrical Contracting Corp., Appellant, v Metropolitan Transportation Authority, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Chief Engineer of the New York City Transit Authority dated December 2, 1985, which denied the petitioner's claim for additional payment for cer-

tain positive and negative traction power feeder cables, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Leone, J.), dated March 8, 1989, which dismissed the proceeding as untimely.

Ordered that the judgment is affirmed, without costs or disbursements.

On or about February 9, 1984, the petitioner Mulvihill Electrical Contracting Corp. (hereinafter Mulvihill) entered into a contract with the Staten Island Rapid Transit Operating Authority (hereinafter SIRTOA) for traction power improvements on the Staten Island rapid transit system. The contract provided that Mulvihill was to be paid the stipulated sum of $6,167,000.

During the performance of the contract, a dispute arose between the parties as to whether the cost of certain positive and negative feeder cables was included in the contract price. The SIRTOA rejected Mulvihill's contention that the cost of the cables was not included in the contract price and that it was entitled to additional payment therefor. A meeting between the parties was held on February 15, 1985, during which petitioner was advised to follow the dispute resolution procedure contained in article 8.03 of the contract, which provides in pertinent part:

"(a) In the event the Contractor and Authority are unable to resolve their differences concerning a determination by the Engineer, the Contractor may initiate a dispute in accordance with the procedure set forth in this Article. Exhaustion of these procedures shall be a precondition to any lawsuit permitted hereunder.

"(b) * * * All such disputes shall be submitted in writing by the Contractor to the Engineer, acting personally, for his decision * * * [and] [t]he Engineer shall render his decision in writing and deliver a copy of the same to the Contractor.

"(c) If the Contractor protests the determination of the Engineer, the Contractor may commence a lawsuit * * * under Article 78 of the [CPLR] * * * it being understood the review of the Court shall be limited to the question of whether or not the Engineer's determination is arbitrary, capricious or so grossly erroneous to evidence bad faith".

There followed an exchange of correspondence between the parties during the latter part of 1984 and 1985, leading up to the letter dated December 2, 1985, in which the Chief Engineer of the New York City Transit Authority (hereinafter the NYCTA) affirmed the SIRTOA's position on the matter and

rejected the petitioner Mulvihill's interpretation of the contract.

Contrary to the petitioner's contention on appeal, the letter dated December 2, 1985, from the Chief Engineer of the NYCTA was an unambiguous and conclusive determination concerning the contractual matter in dispute *(see, Matter of Edmead v McGuire,* 67 NY2d 714, 716; *Mundy v Nassau County Civ. Serv. Commn.,* 44 NY2d 352, 357). The letter was drafted in response to the petitioner's letter dated October 16, 1985, in which the petitioner recapitulated its position regarding the cost of the cables as contained in prior correspondence, and sought a resolution of the dispute. Additionally, in its September 12, 1985, letter addressed to the Chief Engineer the petitioner had indicated that "unless this matter is resolved * * * we will have no alternative but to commence a law suit seeking declaratory relief as well as damages". Moreover, in its petition filed on or about July 29, 1988, the petitioner characterized its October 16, 1985, letter as a "request for a ruling on the disputed claim" and consistently referred to the December 2, 1985, letter as a ruling or determination. The petitioner cannot now claim that the letter dated December 2, 1985, was insufficient to apprise it of the finality and conclusive nature of the determination made therein. Further, that determination became final and binding upon the petitioner when it received the letter *(Matter of Edmead v McGuire, supra,* at 716; *Matter of Biondo v New York State Bd. of Parole,* 60 NY2d 832, 834). Since the petitioner did not institute the CPLR article 78 proceeding until more than two years following the expiration of the four-month statutory period, the proceeding was properly dismissed as untimely *(see,* CPLR 217).

In view of our determination it is unnecessary to address the petitioner's further contentions. Sullivan, J. P., Harwood, Miller and O'Brien, JJ., concur.