■ In the Matter of the Arbitration between BOARD OF EDUCATION OF THE BARKER CENTRAL SCHOOL DISTRICT, Appellant, and BARKER TEACHERS UNION, Respondent. [619 NYS2d 423] —Order unanimously reversed on the law without costs and petition granted. Memorandum: Petitioner voted to abolish a library media specialist position effective June 30, 1993. Thereafter, Sandra Reynolds, the incumbent in that position, was laid off. Subsequently, an elementary classroom teacher resigned her position. Reynolds, who is certified as an elementary classroom teacher, asserted entitlement to the position created by that resignation pursuant to article VII (J) (2) (b) of the parties' collective bargaining agreement (the agreement). That provision states that a member whose position is abolished "shall be appointed to any job opening in [his or her] tenure area or for which [he or she is] certified". Petitioner, however, appointed another person to the vacant position. Respondent filed a grievance on behalf of Reynolds, asserting

that petitioner violated the terms of the agreement in failing to appoint Reynolds to the vacant position inasmuch as she is a certified elementary classroom teacher. The grievance was not resolved and respondent filed a demand for final and binding arbitration.

Petitioner commenced this proceeding seeking an order permanently staying arbitration, alleging that the provision of the agreement upon which respondent relies is null and void because it expands and contravenes the Education Law and public policy. Supreme Court denied the petition. We reverse.

Education Law § 2510 (3) (a) states, in relevant part, that a teacher whose position is abolished "shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position similar to the one which such person filled". It is undisputed that the incumbent's claim of entitlement to the position is not based on the applicable statute. The position of library media specialist is not similar to that of elementary classroom teacher. The incumbent asserts entitlement to the position predicated upon the agreement.

We conclude that the agreement contravenes Education Law § 2510 (3) and, as such, is null and void (see, Board of Educ. v Depew Teachers Org. [appeal No. 3], 167 AD2d 907, lv denied 77 NY2d 889; see also, Matter of Union Free School Dist. No. 2 v Nyquist, 38 NY2d 137, 144; Matter of Szumigala v Hicksville Union Free School Dist. Bd. of Educ., 148 AD2d 621). Furthermore, where "there is an imperative provision of the Education Law * * * it is beyond the power of the parties to alter or modify the statutory provision by collective bargaining, agreement to arbitrate or otherwise" (Matter of Union Free School Dist. No. 2 v Nyquist, supra, at 144). Therefore, we conclude that petitioner is entitled to an order permanently staying arbitration. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Arbitration.) Present—Denman, P. J., Pine, Lawton, Wesley and Davis, JJ.