OPINION OF THE COURT
Levine, J.
In March 1993 petitioner applied to respondent New York City Department of Social Services for emergency assistance for the payment of rent arrears under the Emergency Assistance to Families with Children (EAF) (see, Social Services Law § 350-j) and Emergency Home Relief (EHR) (see, Social Services Law § 131-w) programs. She and her minor child occupied a two-bedroom apartment in New York City at a monthly rental of $380. For a period ending June 1992, she had been receiving public assistance which included a shelter allowance of $250 a month paid directly to her landlord. The landlord obtained judgments for rent arrears in November 1992 and April 1993 aggregating over $5,000. Although petitioner had obtained employment by the time the judgments were entered, she was able only partly to satisfy, and eviction was imminent.
Respondent New York City Department of Social Services nonetheless denied her application for assistance and she applied for and was granted an emergency fair hearing by the State Department of Social Services. Upon completion of the fair hearing, respondent State Commissioner of Social Services upheld the denial of EAF and EHR benefits. The basis for approving the denial of EHR assistance was petitioner’s admitted financial inability to repay the grant of the assistance she needed to pay all rent arrears owing on the judgments within 12 months. Petitioner then brought this CPLR article 78 proceeding in which, in her amended petition, she challenged only the determination regarding the denial of EHR assistance. Upon transfer from Supreme Court, the Appellate Division denied the amended petition and dismissed the proceeding (215 AD2d 211). We granted petitioner leave to appeal and now reverse, annul the determination and remit the matter for a redetermination.
Respondents seek to justify the denial of EHR assistance to petitioner, based upon her inability to repay the grant within 12 months, as a reasonable interpretation of the governing statute and implementing regulation. Social Services Law § 131-w authorizes the payment of rent and other shelter arrears to persons not eligible for other forms of assistance:
*39 "who are without income or resources immediately available to meet the emergency need, whose gross household income does not exceed one hundred twenty-five percent of the federal income official poverty line and who sign a repayment agreement agreeing to repay the assistance in a period not to exceed 12 months” (emphasis supplied).
The section directs the State Department of Social Services to promulgate implementing regulations to "establish standards for the contents of repayment agreements and * * * to ensure that assistance is provided only in emergency circumstances”.
The regulations adopted by the State Department of Social Services (18 NYCRR 370.3 [b]) condition entitlement to shelter arrears assistance on the applicant’s demonstrating an ability to pay prospective shelter expenses, and not owing any past due amounts under any previous repayment agreement (18 NYCRR 370.3 [b] [5]). Regarding the content of repayment agreements, the regulation requires that such agreements "set forth a schedule of payments that will assure repayment within the 12-month period” (id. [emphasis supplied]).
Concededly, neither the EHR statute nor its implementing regulation expressly authorizes a welfare agency to condition eligibility for assistance on the applicant’s demonstration of an ability to repay the grant within 12 months. Furthermore, in the instant case, the State Commissioner’s argument is unavailing that imposing that eligibility standard here was a reasonable interpretation of the State agency’s own regulation, entitled to judicial deference. For, in the notice and comment period while adoption of the regulation was pending, State Department of Social Services expressly interpreted 18 NYCRR 370.3 (b) (5) to impose "no requirement * * * that a social services district consider an applicant’s ability to repay a grant to be used for rent arrears before making the grant”. In the State Commissioner’s fair hearing ruling on petitioner’s application, no explanation was advanced for this departure from the initial interpretation of the regulation, nor was any such explanation offered in respondent Commissioner’s answer or other papers in opposition to the petition.
Absent a reasoned explanation for abandonment of the State Social Services Department’s expressed original reading of the regulation at the time of promulgation and adoption here of a diametrically opposite interpretation, the agency’s change of position was arbitrary and capricious and cannot stand.
*40 "From the policy considerations embodied in administrative law, it follows that when an agency determines to alter its prior stated course it must set forth its reasons for doing so. Unless such an explanation is furnished, a reviewing court will be unable to determine whether the agency has changed its prior interpretation of the law for valid reasons, or has simply overlooked or ignored its prior decision * * *. Absent such an explanation, failure to conform to agency precedent will, therefore, require reversal on the law as arbitrary” (Matter of Field Delivery Serv. v Roberts, 66 NY2d 516, 520).
The United States Supreme Court similarly held in Gardebring v Jenkins (485 US 415, 430) that an administrative agency’s interpretation of its own regulation is not to be followed if an "alternative reading is compelled by the regulation’s plain language or by other indications of the Secretary’s intent at the time of the regulation’s promulgation” (emphasis supplied).
For all the foregoing reasons, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court, New York County, with directions to remand to the State Department of Social Services for further proceedings in accordance with this opinion.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
Order reversed, with costs, and matter remitted to Supreme Court, New York County, with directions to remand to the State Department of Social Services for further proceedings in accordance with the opinion herein.