■ In the Matter of FRANK MARINO, Appellant, v BOARD OF EDUCATION OF THE HAUPPAUGE UNION FREE SCHOOL DISTRICT, Respondent. [691 NYS2d 537] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination by the respondent which, in effect, decreased the petitioner's salary by $4,148 per year, and for a judgment, *inter alia*, declaring that the respondent violated the petitioner's rights under Education Law § 3013, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), entered July 1, 1998, which granted the respondent's motion to dismiss and dismissed the proceeding/action.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, the proceeding/action is reinstated, and the respondent is directed to answer the petition/complaint within 20 days after service upon it of a copy of this decision and order with notice of entry.

The parties' collective bargaining agreement provides a grievance procedure to resolve "any dispute between the parties concerning the interpretation of the terms and conditions of

[the] agreement". There is no issue relating to the terms and conditions of the agreement. Instead, this proceeding represents an attempt by the petitioner to vindicate rights conferred upon him by Education Law § 3013 (1). The courts have repeatedly held that the statutory rights of tenured teachers whose positions are abolished, as established by the terms of Education Law § 3013, or by the parallel provisions of Education Law § 2510, may not be contravened in a collective bargaining agreement (see, Matter of Board of Educ. [Barker Teachers Union], 209 AD2d 945; Board of Educ. v Depew Teachers Org., 167 AD2d 907; Matter of Szumigala v Hicksville Union Free School Dist. Bd. of Educ., 148 AD2d 621; see also, Matter of Smith v Board of Educ., 97 AD2d 795). The petitioner had every right to seek redress for the alleged violation of his statutory rights in this proceeding, even after having begun a grievance procedure which related exclusively to an alleged violation of his contract. "The issues presented and the remedies sought in each forum were separate and distinct" (Matter of England v Commissioner of Educ. of State of N. Y., 169 AD2d 868, 870; see also, Matter of Board of Coop. Educ. Servs. v Nassau BOCES Cent. Council of Teachers, 103 AD2d 804, affd 64 NY2d 632; Matter of Smith v Board of Educ., supra).

The respondent's alternative arguments for affirmance are without merit. S. Miller, J. P., Ritter, Thompson and Altman, JJ., concur.