■ JAMES R. BAUMLER et al., Respondents, v TOWN OF NEWSTEAD, Appellant. (Appeal No. 2.) [714 NYS2d 924] —Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court did not err in awarding prejudgment interest to plaintiffs on the jury award of damages for the loss of use and enjoyment of plaintiffs' property and the diminution of the value of plaintiffs' property resulting from defendant's clearing of the channel of Dorsch Creek (see, CPLR 5001 [a]). We also reject defendant's contentions that the court erred in setting May 24, 1988 as the date from which interest is to be computed (see, CPLR 5001 [b]; Baumler v Town of Newstead, 198 AD2d 777) and abused its discretion in awarding interest at the rate of 7% (see generally, Rodriguez v New York City Hous. Auth., 91 NY2d 76, 80-81). (Appeal from Order and Judgment of Supreme Court, Erie County, Mahoney, J.—Interest.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.

■ In the Matter of SUSAN K. KAUFMANN, Appellant, v BOARD OF EDUCATION, CITY SCHOOL DISTRICT OF ROCHESTER, et al., Respondents. [714 NYS2d 923] —Judgment unanimously reversed on the law without costs, motion denied and petition reinstated. Memorandum: Supreme Court erred in granting the motion of respondent Board of Education, City School District of Rochester (School District), to dismiss the petition on the ground that petitioner failed to exhaust her remedies under the grievance procedures of the collective bargaining agreement. Petitioner does not allege that the School District violated her rights pursuant to the collective bargaining agreement, but alleges a violation of Education Law § 2585 (2). Therefore, it was not necessary for her to commence a grievance proceeding (see, Matter of Barrera v Frontier Cent. School Dist., 227 AD2d 890; see also, Matter of Marino v Board of Educ., 262 AD2d 321). (Appeal from Judgment of Supreme Court, Monroe County, Polito, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.