OPINION OF THE COURT
 

 Smith, J.
 

 The issue before this Court is whether the decision of the Board of Trustees that appellant’s testicular cancer is not a
 
 *551
 
 cancer “affecting the lymphatic, digestive, hematological, urinary or prostate systems” (General Municipal Law § 207-kk) has a rational basis and is supported by substantial evidence. We hold that the decision is rational and is supported by substantial evidence, as did the Appellate Division.
 

 Appellant Albano, a firefighter with the New York City Fire Department for 30 years, was diagnosed with testicular cancer. Eight months after he underwent surgery to remove a testicle, the Bureau of Health Services of the Fire Department recommended him for light duty. Thereafter, he applied for an accident disability retirement pension (ADR) on the ground that his cancer had presumptively been caused by the performance of his firefighting duties (General Municipal Law § 207-kk). Upon review of his application, the Medical Board of the New York City Fire Department Pension Fund found that Albano was disabled, but recommended to the Board of Trustees of the New York City Fire Pension Fund that he be denied an ADR pension and instead awarded an ordinary disability retirement pension (ODR). In denying Albano the ADR benefits, the Medical Board stated:
 

 “ [I]t is the unanimous opinion of the 1-B Medical Board that [Albano] is disabled from full fire duty due to testicular cancer, but there is no evidence of involvement of the lymphatic or urinary systems. Therefore, it is our unanimous recommendation that [Albano’s] application for accident disability retirement be denied.”
 

 Thereafter, the Board of Trustees held a hearing and took testimony from Dr. Kerry Kelly, the Chief Medical Officer of the Bureau of Health Services of the Fire Department. The physician opined that “[t]he testicles could be considered part of the genitourinary tract” because the testicles developed, embryologically, from the same type of tissue as the urinary system, and that the “genitourinary system refers to the organs that are involved in both reproduction as well as the bladder and elimination of the urinary system.” The physician did, however, acknowledge a difference between the urinary system and the genitourinary system. The Board of Trustees then remanded to the Medical Board to consider “whether or not the testicles are part of the urinary system.”
 

 Upon remand, the Medical Board reviewed the Board of Trustees’ transcript and adhered to its recommendation that, under the statute, Albano was not entitled to an ADR pension.
 
 *552
 
 Thereafter, the Board of Trustees divided evenly on the question whether Albano’s disability was entitled to a presumption that it was caused in the line of duty, thus denying him an ADR pension
 
 (see Matter of City of New York v Schoeck,
 
 294 NY 559 [1945]) but granting him an ODR pension.
 

 Petitioner commenced a CPLR article 78 proceeding to review the Board of Trustees’ determination. Supreme Court dismissed the petition. The court reasoned that the support for the proposition that the testicles were part of the urinary system or part of the prostate system was far from overwhelming and left room for doubt. The court further found that the Board of Trustees’ decision was supported by substantial evidence, and was not purely a matter of statutory interpretation as it involved a determination of Albano’s medical condition. The Appellate Division affirmed, reasoning that the interpretation of General Municipal Law § 207-kk required an evaluation of factual data and inferences to be drawn therefrom, and it was, therefore, appropriate to defer to the agency charged with the responsibility of administering the statute. This Court granted leave, and we now affirm.
 

 On this appeal, Albano argues that the Legislature used the terms “any condition * * * affecting the * * * urinary or prostate systems” in General Municipal Law § 207-kk because it intended broad coverage of any organs in those systems. Albano emphasizes that these statutory terms derive from a study produced by Mount Sinai Medical School which used the terms “genitourinary system and cancers of the genitourinary system” in identifying a class of cancers related to firefighting. Albano argues that the genitourinary system includes all organs concerned in reproduction and in the formation and voidance of urine. The Board of Trustees counters that it had a rational basis to conclude that General Municipal Law § 207-kk does not cover testicular cancer. We agree.
 

 General Municipal Law § 207-kk, the Cancer Bill, provides:
 

 “Notwithstanding any other provisions of this chapter to the contrary, any condition of impairment of health caused by (i) any condition of cancer affecting the lymphatic, digestive, hematological, urinary or prostate systems * * * [of a] member of a fire department in a city with a population of one million or more, who successfully passed a physical examination on entry into the service of such department, which examination failed to reveal any
 
 *553
 
 evidence of such condition, shall be presumptive evidence that it was incurred in the performance and discharge of duty unless the contrary be proved by competent evidence.”
 

 The enactment of General Municipal Law § 207-kk (L 1994, ch 567), resulted from the development of medical data demonstrating the high incidence of cancer in firefighters, as compared with the average adult population. Accordingly, the statute creates a rebuttable presumption that a firefighter who develops certain enumerated types of cancers incurred them in the course of performing his or her duties, thereby eliminating the burden of proving causation.
 

 Where the interpretation or application of a statute “involves specialized ‘knowledge and understanding of underlying operational practices or entails an evaluation of factual data’ ” within the expertise of the agency administering the statute, courts accord great deference to the agency’s judgment unless it is “irrational or unreasonable”
 
 (Matter of Dworman v New York State Div. of Hous. & Community Renewal,
 
 94 NY2d 359, 371 [1999] [quoting
 
 Kurcsics v Merchants Mut. Ins. Co.,
 
 49 NY2d 451, 459 (1980)]). Where, however, the question is one of pure statutory interpretation there is little basis to rely on any special competence or expertise of the administrative agency. In such circumstances, the court “need not accord any deference to the agency’s determination” and can undertake its function of statutory construction
 
 (Matter of Gruber [New York City Dept. of Personnel
 
 — Sweeney], 89 NY2d 225, 231 [1996]).
 

 In the present case, in order to decide whether Albano was entitled to an ADR pension, the Medical Board and the Trustees were called upon to interpret the statute, but such interpretation involved their expertise in the evaluation of factual data. The decision, therefore, is to be afforded deference. Because testicular cancer is not enumerated as a cancer entitled to the statutory presumption — the statute offers presumptive coverage for cancers affecting the lymphatic, digestive, hematological, urinary or prostate systems — the agency was required to use its medical expertise to decide whether testicular cancer “affects the urinary or prostate systems.” The Medical Board rendered the medical evaluation that testicular cancer is not a cancer affecting the urinary or prostate systems and recommended denying Albano an ADR pension. The Board of Trustees divided on the question and, under its longstanding practice, denied ADR benefits but awarded an ODR pension
 
 (see
 
 Letter from State Assembly
 
 *554
 
 Member, July 15, 1994, Bill Jacket, L 1994, ch 567, at 6 [“The bill represents a balanced approach by maintaining the requirement that occupationally related cancer cases must be referred to the Board of Trustees of the Fire Department Pension Fund. The Board will retain discretion concerning the (cause) of the cancer, and thus(,) if not convinced, may. reverse an award for accidental disability.”]).
 

 Because the question of whether testicular cancer affects the “urinary” or “prostate” system is a question involving the expertise of the Medical Board and the Board of Trustees, and because we conclude that there is a rational basis for the decision, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Levine, Cipaeick, Wesley, Rosenblatt and Geaffeo concur.
 

 Order affirmed, with costs.