[826 NYS2d 447]

In the Matter of UNITED UNIVERSITY PROFESSIONS et al., Appellants, v STATE OF NEW YORK et al., Respondents. (And Four Other Related Proceedings.)

Third Department, November 22, 2006

### APPEARANCES OF COUNSEL

*James R. Sandner,* Latham (*Robert T. Reilly* of counsel), for United University Professions and others, appellants.

*William P. Seamon, Public Employees Federation,* Albany (*Harold Eisenstein* of counsel), for Roger E. Benson and others, appellants.

*Sheehan, Greene, Carraway, Golderman & Jacques, L.L.P.,* Albany (*Nancy L. Burritt* of counsel), for New York State Correctional Officers & Police Benevolent Association, Inc., appellant.

*Eddie M. Demmings, District Council 37, AFSCME, AFL-CIO,* New York City (*Mary J. O'Connell* of counsel), for Lillian Roberts and others, appellants.

*Nancy E. Hoffman, Civil Service Employees Association, Inc.,* Albany (*Timothy Connick* of counsel), for Danny Donohue and others, appellants.

*Ennio J. Corsi, Council 82, AFSCME, AFL-CIO,* Albany, for Council 82, AFSCME, AFL-CIO and others, appellants.

*Hinman Straub, P.C.,* Albany (*Kimberly C. Lawrence* of counsel), for Barbara Zaron and another, appellants.

*Blitman & King, L.L.P.,* Rochester (*Jules L. Smith* of counsel), for Matthew Tynan, appellant.

*Eliot Spitzer, Attorney General,* Albany (*Victor Paladino* of counsel), for respondents.

*Donald P. Hirshorn,* Albany, for Retired Public Employees Association, Inc., amicus curiae.

### OPINION OF THE COURT

KANE, J.

Petitioners are labor unions representing state employees and individual employees and retirees represented by those unions. Pursuant to Civil Service Law article 11, respondent State of New York provides petitioners with health insurance under the

New York State Health Insurance Plan (hereinafter NYSHIP), with the State paying nine tenths of the premium or subscription charges for individual coverage and three quarters of the cost for coverage of dependents, and the employees or retirees paying the remainder (*see* Civil Service Law § 161 [1]; § 163 [1]; § 167 [1] [a]). NYSHIP requires employees, retirees and dependents who are eligible for federal health insurance under Medicare to enroll in that program as their primary insurance, with NYSHIP acting as a secondary insurance plan (*see* Civil Service Law § 167-a). The legislation implementing this requirement also provided for full reimbursement to employees or retirees from NYSHIP's insurance fund for the premiums that they pay as enrollees in Medicare Part B (*see* Civil Service Law § 167-a; *see also* 42 USC § 1395j). Since the enactment of this legislation in 1966, the State and other employers participating in NYSHIP fully funded the reimbursement of Medicare Part B premiums.

In January 2006, respondents effectuated a new interpretation of Civil Service Law § 167-a, which treated the Medicare Part B reimbursement as a component of the total health insurance premiums to be paid by employers and NYSHIP participants pursuant to the contribution percentages set forth in Civil Service Law § 167 (1). As a result, petitioners commenced these proceedings challenging, among other things, respondents' implementation of their reinterpretation of Civil Service Law § 167-a. Supreme Court, among other things, dismissed the petitions. Petitioners appeal.

Respondents' new interpretation of Civil Service Law § 167-a is inconsistent with the plain language of the statute and its legislative history. The starting point in interpreting a statute to determine the Legislature's intent is the text of the statute itself (*see Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review*, 3 NY3d 563, 568 [2004]; *Matter of Excellus Health Plan v Serio*, 2 NY3d 166, 171 [2004]). While deference is generally given to an agency's interpretation of a statute that the agency is responsible for administering, courts need not give any deference to the agency's interpretation where no specialized expertise is involved and the question is simply a matter of reading and analyzing the statute to determine its intent (*see Matter of Albano v Board of Trustees of N.Y. City Fire Dept., Art. II Pension Fund*, 98 NY2d 548, 553 [2002]; *Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231 [1996]). Such is the case here. Civil Service Law § 167-a states, in part, that upon becoming ineligible to continue receiv-

ing primary benefits under NYSHIP based on eligibility for Medicare,

> "an amount equal to the premium charge for such supplementary medical insurance benefits for such active or retired employee and his dependents, if any, shall be paid monthly or at other intervals to such active or retired employee from the health insurance fund. . . . Employer contributions to the health insurance fund shall be adjusted as necessary to provide for such payments." Although respondents attempt to parse this language to support their new interpretation, the only supportable interpretation is the one they have propounded for the past 40 years (*see* 4 NYCRR 73.3 [b] [6]). The statute's last sentence clearly states that *employer* contributions will be adjusted to provide for Medicare Part B reimbursements, without mentioning any contributions by employees or retirees. Respondents' efforts to import Civil Service Law § 167 (1) into this statute are unpersuasive. That section, which specifies the percentages of contributions for health insurance premiums, applies to "the statewide and the supplementary health insurance plans established pursuant to [Civil Service Law article 11]" (Civil Service Law § 167 [1]). Medicare is a federal insurance program, not established pursuant to Civil Service Law article 11 (*see* 42 USC § 1395j *et seq.*). Thus, from the plain language of these statutes, Civil Service Law § 167 is separate and distinct from section 167-a, and section 167-a provides for full reimbursement of Medicare Part B premiums from the health insurance fund to be financed solely by employer contributions.

The legislative history of Civil Service Law article 11 also supports this interpretation (*compare Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review, supra* at 570-571). According to the supporting memorandum for the bill which became Civil Service Law § 167-a, the purpose of that statute is "[t]o insure that active and retired employees enrolled in the State health insurance plan who are over sixty-five years of age will not experience an increase in their premium payments for health insurance coverage upon the integration of Medicare and the State health insurance program" (State Dept of Civ Serv Mem in Support, Bill Jacket, L 1966, ch 602, at 3).

That memorandum goes on to state that the bill would allow NYSHIP to offset the Medicare Part B premium "so that the enrollee's total cost for his health insurance will remain unchanged" (State Dept of Civ Serv Mem in Support, Bill Jacket, L 1966, ch 602, at 4). Under respondents' new interpretation, all NYSHIP participants are required to pay a portion of the Medicare premiums, thus increasing the total cost of health insurance for enrollees, contrary to the bill's purpose.

The historical scheme of Civil Service Law article 11 sheds additional light on the correct interpretation. The Legislature is presumed to be aware of the existing state of the law when a new statute is enacted (see Matter of Delese v Tax Appeals Trib. of State of N.Y., 3 AD3d 612, 614 [2004], appeal dismissed 2 NY3d 793 [2004]). Prior to the enactment of Civil Service Law § 167-a, the precursor to Civil Service Law § 167, entitled "Contributions," provided for the withholding from each covered employee's salary, "as his share of the cost of his coverage under this article, such portion of the premium or subscription charges under the terms of any contract or contracts issued in accordance with this article as may be established" (Civil Service Law former § 127 [1]; see L 1956, ch 461, § 1).[1] As Medicare premiums are not premiums under the terms of a contract issued pursuant to Civil Service Law article 11, Civil Service Law § 167 did not authorize the withholding of Medicare premiums from employees' salaries. The subsequent enactment of Civil Service Law § 167-a authorized the payment of those premiums without concomitantly authorizing the expansion of the employees' contributions beyond their share of premiums under article 11 contracts (see Civil Service Law § 167-a). Thus, even if Civil Service Law § 167-a had been silent as to a funding source and had not specifically mentioned employer contributions, the statutory scheme into which it was introduced would have necessitated full employer funding for Medicare premium reimbursements.

Respondents argue that the regulation at 4 NYCRR 73.3 (b) (6) and the state policy regarding Medicare premium reimbursements originated because, at the time of the regulation's enactment, Civil Service Law § 167 required employers to pay 100% of the individual health insurance costs of employees and retirees. This argument does not withstand scrutiny when considering the historical treatment

---

1. Civil Service Law former § 127 was renumbered to section 167 in 1958 (see L 1958, ch 790).

of dependent coverage. Pursuant to Civil Service Law § 167 and its forebears and/or precursors, the State originally paid nothing toward health insurance premiums for dependents (*see* Civil Service Law former § 124; L 1956, ch 461, § 1), then 50% (*see* Civil Service Law former § 167; L 1967, ch 617, § 6), and now 75% (*see* Civil Service Law § 167; L 1970, ch 458, § 6). Yet, pursuant to Civil Service Law § 167-a, the State or other employers have always been fully responsible for reimbursement of Medicare premiums for dependents without regard for the amount that employers paid toward health insurance coverage under section 167 (*see* L 1966, ch 602, § 1). The payment of Medicare Part B premiums for dependents by employers who were not responsible for any costs toward dependent health insurance premiums undercuts respondents' new interpretation intertwining Civil Service Law § 167 with § 167-a.

Additional support for petitioners' interpretation is respondents' own original interpretation. While an agency may rectify what it deems an erroneous interpretation of the law, the new interpretation is only valid if the agency furnishes a legitimate explanation for its change in position and the new interpretation is supported by the statute's language and legislative intent (*cf. Matter of Richardson v Commissioner of N.Y. City Dept. of Social Servs.*, 88 NY2d 35, 39-40 [1996]). Here, the original interpretation was evidenced by almost 40 years of practice, as well as the regulation addressing funding of Medicare premium reimbursements. That regulation provides that "[t]he employer shall pay an additional sum each month equal to the current monthly Federal Medicare charge as the employer's share of the cost of coverage for each employee and dependent covered under the health insurance plan who is 65 years of age or older" (4 NYCRR 73.3 [b] [6]).[2] Not only does respondents' new interpretation of Civil Service Law § 167-a go against the plain statutory language, it also violates respondents' own regulation.

Based on the plain language of Civil Service Law § 167-a, the legislative history of Civil Service Law article 11 and respondents' correct long-standing interpretation of that

---

2. After the commencement of these proceedings, respondents submitted a proposed amendment to this regulation to conform it to their new interpretation. The Comptroller's office strongly recommended that the proposal be withdrawn as contrary to the statute. The amended regulation has not been approved.

statutory scheme, respondents' new interpretation is arbitrary, capricious and contrary to law. Therefore, petitioners were entitled to a judgment annulling that interpretation and preventing respondents from implementing it.

We have reviewed the parties' remaining arguments and find them without merit.

MERCURE, J.P., PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the judgment in appeal No. 500625 is modified, on the law, without costs, by reversing so much thereof as dismissed the cause of action seeking to annul respondents' new interpretation of Civil Service Law § 167-a; petition granted to that extent; and, as so modified, affirmed.

Ordered that the judgments in appeal Nos. 500665, 500666, 500667 and 500668 are reversed, on the law, without costs, and petitions granted.