■ CHARLES E. HOLSTER III, Appellant, v FRANK D. COHEN, Respondent. [914 NYS2d 650]—

In an action to recover damages pursuant to the Telephone Consumer Protection Act of 1991 (47 USC § 227), the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered January 15, 2010, which granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action is denied.

The plaintiff alleged that the defendant sent unsolicited advertisements to him in violation of the Telephone Consumer Protection Act of 1991 (47 USC § 227) (hereinafter the TCPA), which makes it unlawful, inter alia, to use a telephone facsimile to send an unsolicited advertisement.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Sokol v Leader*, 74 AD3d 1180 [2010]). "Where a party offers evidentiary proof on a CPLR 3211 (a) (7) motion, the focus of the inquiry turns from whether the complaint states a cause of action to whether the plaintiff actually has one" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 128 [2009]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Here, the Supreme Court improperly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The TCPA prohibits the use of "any telephone facsimile machine . . . to send . . . an unsolicited advertisement" (47 USC § 227 [b] [1] [C]). Here, the plaintiff sufficiently alleged that he received unsolicited advertisements from the defendant via facsimile, in violation of the TCPA (*cf. Stern v Bluestone*, 12 NY3d 873 [2009]), and the defendant did not submit any proof showing that "a material fact as claimed by the pleader to be one is not a fact at all" and that "no significant dispute exists regarding it" (*Guggenheimer v Ginzburg*, 43 NY2d at 275). Mastro, J.P., Balkin, Eng and Hall, JJ., concur.