■  CAROL MUNGER et al., Appellants, v BOARD OF EDUCATION OF THE GARRISON UNION FREE SCHOOL DISTRICT et al., Respondents. [924 NYS2d 578]—

In a hybrid action, inter alia, to recover damages for breach of contract and for a judgment declaring that the plaintiffs/petitioners are entitled to reimbursement for money expended for Medicare Part B premiums since reaching the age of 65, and proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Garrison Union Free School District denying reimbursement, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Putnam County (Nicolai, J.), dated May 20, 2010, which granted the motion of the defendants/respondents pursuant to, inter alia, CPLR 3211 (a) (7) and (5) to dismiss the complaint/petition, and is in favor of the defendants/respondents dismissing the complaint/petition.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants/respondents which was to dismiss the first cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements, and the first cause of action is reinstated.

The plaintiffs/petitioners (hereinafter the plaintiffs) are retirees of the Garrison Union Free School District (hereinafter the School District). Upon reaching the age of 65, each plaintiff became eligible for Medicare Part B as his or her primary health insurance provider while the School District's benefits became the secondary provider. In 2008, the Garrison Teachers Association filed grievances on behalf of, among others, seven of the plaintiffs, alleging violation of their collective bargaining agreement with the School District. After a hearing, in an arbitration award dated April 22, 2009, an arbitrator determined that the issue of whether the School District was in violation of the col-

lective bargaining agreement by failing to reimburse the grievants for Medicare Part B premiums was not arbitrable with respect to those grievants who were current retirees because they had no legal or contractual right to use the collective bargaining agreement's grievance and arbitration procedure. With respect to current employees, who are not parties to this action/proceeding, and who would, in the future, become retirees, the arbitrator determined that there was no provision in the collective bargaining agreement which obligated the School District to provide reimbursement for Medicare Part B premiums.

In December 2009 the plaintiffs commenced the instant hybrid action, inter alia, seeking damages for breach of contract by the School District, its superintendent, and the Board of Education (hereinafter collectively the defendants) in failing to reimburse them for Medicare Part B premium payments, and for a judgment declaring that Civil Service Law § 167-a obligated the defendants, as members of the state health care consortium, to reimburse the plaintiffs pursuant to, inter alia, the parties' collective bargaining agreement, and proceeding pursuant to CPLR article 78 to review the defendants' allegedly arbitrary and capricious conduct in reimbursing some retirees for their Medicare Part B premiums. The defendants moved to dismiss the complaint/petition pursuant to, inter alia, CPLR 3211 (a) (7) and (5) for failure to state a cause of action and on the ground that the second cause of action was time-barred.

The issue of the defendants' obligation to reimburse the plaintiffs for their Medicare Part B premiums was not decided in the prior arbitration proceeding; accordingly, the arbitrator's award did not have preclusive effect on the subsequent action (*see Simpson v Alter*, 78 AD3d 813 [2010]).

In considering a motion to dismiss a pleading for failure to state a cause of action, the court must accept the allegations of the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Holster v Cohen*, 80 AD3d 565 [2011]; *Sheriff's Silver Star Assn., Inc. v County of Oswego*, 27 AD3d 1104, 1105-1106 [2006]; *Gill v Bowne Global Solutions, Inc.*, 8 AD3d 339, 339-340 [2004]; *Cuomo v Mahopac Natl. Bank*, 5 AD3d 621, 622 [2004]).

The plaintiffs submitted documents relating to the defendants' obligation, as members of the statewide health care consortium, to reimburse their former employees for Medicare Part B premiums pursuant to Civil Service Law § 167-a. That

section provides for reimbursement by employers to retirees who are 65 years of age or older for Medicare premium charges (*see* 4 NYCRR 73.3 [b] [6]; *Matter of United Univ. Professions v State of New York*, 36 AD3d 297, 298-300 [2006]). According the plaintiffs every possible favorable inference from their allegations and supporting documents, the defendants' motion to dismiss the first cause of action alleging breach of the collective bargaining agreements and seeking declaratory relief should have been denied (*see Matter of Related Props., Inc. v Town Bd. of Town/Vil. of Harrison*, 22 AD3d 587 [2005]).

However, the second cause of action alleging arbitrary and capricious conduct was properly dismissed as time barred, as it was not interposed within four months of the date of the determination to be reviewed (*see* CPLR 217 [1]; *Matter of Mulvihill Elec. Contr. Corp. v Metropolitan Transp. Auth.*, 167 AD2d 471 [1990]). Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.