# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**970**

**CA 16-01043**

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF DALE BARHITE, PETER HOOSER,
SALVATORE STASSI, DANA VINCH AND PATRICK
TOUSLEY, PETITIONERS-RESPONDENTS,

V                                              MEMORANDUM AND ORDER

TOWN OF DEWITT, TOWN BOARD OF TOWN OF DEWITT,
POLICE COMMISSION OF TOWN OF DEWITT, EDWARD M.
MICHALENKO, TOWN SUPERVISOR OF TOWN OF DEWITT
AND JAMES C. HILDMANN, CHIEF OF POLICE OF TOWN
OF DEWITT, RESPONDENTS-APPELLANTS.

---

CERIO LAW OFFICES, SYRACUSE (DAVID W. HERKALA OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

MARILYN D. BERSON, NEWBURGH, FOR PETITIONERS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Onondaga County (Walter W. Hafner, Jr., A.J.), dated September 9, 2015
in a proceeding pursuant to CPLR article 78. The judgment, inter
alia, directed respondents to give petitioners full seniority credit
for services rendered as police officers in the Village of East
Syracuse.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by deleting the words "arbitrary and
capricious, without a rational basis, in violation of lawful
procedure, affected by errors of fact and law and" from the second
decretal paragraph and, as modified, the judgment is affirmed without
costs.

Memorandum: Petitioners are police officers who were formerly
employed by the Village of East Syracuse, which dissolved its police
department. The Village entered into an amended intermunicipal
contract with respondent Town of Dewitt, wherein the two
municipalities agreed that the functions of the Village Police
Department would be transferred to the Town, and that the Village
would transfer five police officers from its police department to the
Town police department "at the salary step and grade based upon their
years of service with the Village." The Town assigned each petitioner
a salary step that was at a lower seniority level than warranted by
that petitioner's length of service. The DeWitt Police Benevolent
Association filed a grievance pursuant to the Town's collective
bargaining agreement and demanded arbitration thereon. That grievance

remained pending arbitration throughout this proceeding.  Petitioners commenced this CPLR article 78 proceeding seeking to compel respondents to place them in the seniority level that corresponds with their years of service, with credit for the time they were employed by the Village.  Respondents appeal from a judgment, denominated a decision and order, in which Supreme Court granted the petition, concluded that respondents acted arbitrarily and capriciously, and directed them to award each petitioner seniority credit for each year of service as a Village police officer.

Contrary to the contention of respondents, the court properly concluded that Civil Service Law § 70 (2) requires respondents to award petitioners full seniority credit for the time that they served as police officers in the Village.  Initially, we note that respondents have abandoned on appeal their contention that section 70 does not apply to the transfers herein (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).  They contend only that the statute does not require them to grant petitioners year-for-year credit for their prior service in the Village.  We reject that contention.  In pertinent part, the statute mandates that "[o]fficers and employees transferred to another governmental jurisdiction pursuant to the provisions of this subdivision shall be entitled to full seniority credit for all purposes for service rendered prior to such transfer in the governmental jurisdiction from which transfer is made" (§ 70 [2]).  When interpreting a statute, the statute's "[w]ords . . . are to be given their plain meaning without resort to forced or unnatural interpretations" (*Castro v United Container Mach. Group*, 96 NY2d 398, 401; *see Matter of Orchard Glen Residences & Carriage Homes v Erie County Indus. Dev. Agency*, 303 AD2d 49, 51, *lv denied* 100 NY2d 511) and, therefore, in general, "unambiguous language of a statute is alone determinative" (*Riley v County of Broome*, 95 NY2d 455, 463; *see Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557, 565).  In addition, in reviewing a related statute, the Court of Appeals has noted that the purpose of Town Law § 153 is "to place the transferee squarely in the shoes of the officer who has served all such time in the town to which the transfer is made" (*Matter of Town of Mamaroneck PBA v New York State Pub. Empl. Relations Bd.*, 66 NY2d 722, 725), and the legislative history and wording of section 70 (2) demonstrates that the Legislature intended the same result to occur in this situation.

We reject respondents' further contention that the approval of petitioners' salary and benefits by the Onondaga County Civil Service Department is an interpretation of its own governing statute by an administrative agency, to which we must defer.  Although "deference is generally given to an agency's interpretation of a statute that the agency is responsible for administering, courts need not give any deference to the agency's interpretation where no specialized expertise is involved and the question is simply a matter of reading and analyzing the statute to determine its intent" (*Matter of United Univ. Professions v State of New York*, 36 AD3d 297, 299; *see Matter of Gruber [New York City Dept. of Personnel-Sweeney]*, 89 NY2d 225, 231-232).  Where, as here, the issue "is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative

intent" (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459),
"judicial review is less restricted as statutory construction is the
function of the courts" (*Matter of Rosen v Public Empl. Relations Bd.*,
72 NY2d 42, 48 [internal quotation marks omitted]).

We reject respondents' contention that this proceeding should be
dismissed because petitioners failed to exhaust their administrative
remedies. "[P]etitioner[s] had every right to seek redress for the
alleged violation of [their] statutory rights in this proceeding, even
after having begun a grievance procedure which related exclusively to
an alleged violation of [their collective bargaining agreement]. 'The
issues presented and the remedies sought in each forum were separate
and distinct' " (*Matter of Marino v Board of Educ. of Hauppauge Union
Free Sch. Dist.*, 262 AD2d 321, 322; *see Matter of Kaufmann v Board of
Educ.*, 275 AD2d 890, 890; *Matter of Barrera v Frontier Cent. Sch.
Dist.*, 227 AD2d 890, 891).

Consequently, respondents' further contention that petitioners
are not entitled to mandamus relief is without merit. "It is well
settled that the remedy of mandamus is available to compel a
governmental entity or officer to perform a ministerial duty, but does
not lie to compel an act which involves an exercise of judgment or
discretion . . . A party seeking mandamus must show a 'clear legal
right' to relief . . . The availability of the remedy depends 'not on
the [petitioner's] substantive entitlement to prevail, but on the
nature of the duty sought to be commanded—i.e., mandatory,
nondiscretionary action' " (*Matter of Brusco v Braun*, 84 NY2d 674,
679). Here, as discussed above, Civil Service Law § 70 (2) states
that transferees such as petitioners "shall be entitled to full
seniority credit for all purposes." Consequently, they have a
" 'clear legal right' " under CPLR 7803 (1) to the relief sought
(*Brusco*, 84 NY2d at 679).

We agree with respondents' further contention, however, that the
court erred insofar as it declared, inter alia, that respondents acted
arbitrarily and capriciously in failing to comply with the statute.
That standard of review is set forth in CPLR 7803 (3), which applies
to proceedings "in the nature of mandamus to review, which differs
from mandamus to compel in that a petitioner seeking the latter must
have a clear legal right to the relief demanded and there must exist a
corresponding nondiscretionary duty on the part of the administrative
agency to grant that relief . . . [, whereas in] a proceeding in the
nature of mandamus to review . . . , a court examines an
administrative action involving the exercise of discretion" (*Matter of
Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753,
757). Respondents had no discretion under the statute to determine
the seniority level to which petitioners should be assigned, and they
therefore cannot have acted arbitrarily or capriciously. We therefore
modify the judgment accordingly.

Respondents' contention that petitioners are not entitled to
mandamus relief because they did not demand that respondents comply
with the statute is without merit because, inter alia, petitioners
commenced this proceeding by the "filing of the petition, which 'may

be construed as the demand' " (*Matter of Speis v Penfield Cent. Schs.*, 114 AD3d 1181, 1182; *see Matter of Thomas v Stone*, 284 AD2d 627, 628, *appeal dismissed* 96 NY2d 935, *lv denied* 97 NY2d 608, *cert denied* 536 US 960).

We have considered respondents' remaining contentions and conclude that they are without merit.

Entered:  November 18, 2016                    Frances E. Cafarell
                                                Clerk of the Court