Matter of Buffalo Council of Supervisors & Adm'rs, Local #10 v Cash (2019 NY Slip Op 05895)





Matter of Buffalo Council of Supervisors & Adm'rs, Local #10 v Cash


2019 NY Slip Op 05895


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


492 CA 18-02195

[*1]IN THE MATTER OF BUFFALO COUNCIL OF SUPERVISORS AND ADMINISTRATORS, LOCAL #10, BY ITS PRESIDENT CRYSTAL BARTON, PETITIONER-APPELLANT,
v
DR. KRINER CASH, AS SUPERINTENDENT OF CITY SCHOOL DISTRICT OF BUFFALO AND BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF BUFFALO, RESPONDENTS-RESPONDENTS. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (PATRICK J. MACKEY OF COUNSEL), FOR PETITIONER-APPELLANT. 
NATHANIEL J. KUZMA, GENERAL COUNSEL, BUFFALO PUBLIC SCHOOLS, BUFFALO (JOEL C. MOORE OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered March 9, 2018 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, granted respondents' motion to dismiss the petition insofar as it sought relief on behalf of Crystal Barton. 
It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, the petition is reinstated insofar as it seeks relief on behalf of Crystal Barton, and respondents are granted 20 days from service of the order of this Court with notice of entry to serve and file an answer.
Memorandum: In this CPLR article 78 proceeding, petitioner appeals, as limited by its brief, from that part of a judgment that, in effect, granted respondents' motion to dismiss the petition insofar as it sought relief on behalf of Crystal Barton. We reverse the judgment insofar as appealed from.
Initially, we agree with petitioner that the petition was not defective as a result of being verified by petitioner's counsel, rather than by petitioner. Although the verification requirement of CPLR 7804 (d) must ordinarily be completed by a party, a verification "may be made by [a party's] attorney [where, as here,] all the material allegations of the pleading are within the personal knowledge of . . . [that] attorney' " (Matter of O'Neil v Kasler, 53 AD2d 310, 314 [4th Dept 1976], quoting CPLR 3020 [d] [3]). Moreover, a party challenging the sufficiency of a verification is required "to give notice with due diligence to the attorney of the adverse party that he [or she] elect[ed]' to treat the petition as a nullity" (Matter of Colon v Vacco, 242 AD2d 973, 974 [4th Dept 1997], lv denied 91 NY2d 804 [1997], quoting CPLR 3022). Thus, even assuming, arguendo, that the verification by petitioner's attorney was insufficient, we conclude that respondents waived any challenge to the petition on that ground by failing to make the requisite diligent efforts and instead waiting a month before seeking dismissal of the petition on that basis (see O'Neil, 53 AD2d at 315; see also Rozz v Law Offs. of Saul Kobrick, P.C., 134 AD3d 920, 921-922 [2d Dept 2015]; see generally Lepkowski v State of New York, 1 NY3d 201, 210 [2003]; Matter of Giambra v Commissioner of Motor Vehs. of State of N.Y., 46 NY2d 743, 745 [1978]).
We also agree with petitioner that dismissal of the petition was not warranted under the doctrines of res judicata or collateral estoppel. In support of their motion, respondents contended that this proceeding was barred by res judicata and collateral estoppel as a result of prior arbitration between the parties. The arbitration resolved whether "the placement of [an [*2]employee] on paid administrative leave pending an investigation into allegations of misconduct [was] in violation of Article 4A of the collective bargaining agreement, which provides that no administrator shall be disciplined, reprimanded, reduced in rank or compensation or deprived of any professional advantage without cause." In contrast, the present petition alleges that respondents violated Education Law
§ 2566 (6), which provides a superintendent with the limited authority "to suspend a[] . . . principal . . . until the next regular meeting of the board, when all facts relating to the case shall be submitted to the board for its consideration and action." Specifically, petitioner alleges that the respondent Board of Education of the City School District of Buffalo (School Board) never ratified or approved the suspension of petitioner's president, a high school principal (principal), at "the next regular meeting of the board," and therefore there was no authority for the continued suspension of the principal. Thus, because the issues raised here are not identical to those raised during the prior arbitration, res judicata and collateral estoppel do not apply (see generally M. Kaminsky & M. Friedberger v Wilson, 150 AD3d 1094, 1096 [2d Dept 2017]; Plumley v Erie Blvd. Hydropower, L.P., 114 AD3d 1249, 1249 [4th Dept 2014]).
Additionally, petitioner correctly contends that it was not required to exhaust administrative remedies prior to commencing this proceeding. First, the exhaustion of administrative remedies provided by a collective bargaining agreement is not necessary where, as here, the petitioner alleges violations of the Education Law, not violations of the agreement (see Matter of Barhite v Town of Dewitt, 144 AD3d 1645, 1647 [4th Dept 2016], lv denied 29 NY3d 902 [2017]; Matter of Kaufmann v Board of Educ., 275 AD2d 890, 890 [4th Dept 2000]). The fact that petitioner also commenced a grievance proceeding based on an alleged violation of a collective bargaining agreement is of no moment because "[t]he issues presented and the remedies sought in each forum were separate and distinct" (Barhite, 144 AD3d at 1647 [internal quotation marks omitted]).
Second, although Education Law § 310 provides in relevant part that any party aggrieved by an official act or decision of school authorities "may appeal by petition to the [C]ommissioner of [E]ducation," the Commissioner exercises primary jurisdiction only where the matter involves an issue requiring his or her specialized knowledge and expertise (see generally Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 156 [1988]; Matter of Alden Cent. Sch. Dist. [Alden Cent. Schs. Administrators' Assn.], 115 AD3d 1340, 1341 [4th Dept 2014]; Matter of Hessney v Board of Educ. of Pub. Schools of Tarrytowns, 228 AD2d 954, 955 [3d Dept 1996], lv denied 89 NY2d 801 [1996]). Petitioner's contention regarding section 2566, however, requires no more than the interpretation and application of the plain language of that statute for which no deference to the Department of Education is required (see Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills, 4 NY3d 51, 59 [2004]; see generally International Union of Painters & Allied Trades, Dist. Council No. 4 v New York State Dept. of Labor, 32 NY3d 198, 209 [2018]; Seittelman v Sabol, 91 NY2d 618, 625 [1998]).
We further agree with petitioner that the petition has not been rendered moot by a subsequent investigation into additional alleged improprieties by the principal. Respondents neither alleged nor submitted evidence that the School Board, as opposed to the superintendent, has suspended the principal in compliance with Education Law § 2566 (6) in connection with those new allegations.
We decline petitioner's requests on appeal that, should we reverse the judgment appealed from, this Court remit the matter to Supreme Court with instructions to award, inter alia, compensatory relief in petitioner's favor (see generally Parker v Town of Alexandria, 138 AD3d 1467, 1468 [4th Dept 2016]; Matter of Rosenberg v New York State Off. of Parks, Recreation, & Historic Preserv., 94 AD3d 1006, 1008 [2d Dept 2012]). Further, we note that where a motion to dismiss a petition is denied, " the court shall permit the respondent to answer, upon such terms as may be just' (CPLR 7804 [f]), and leave to serve [and file] an answer should be refused only if it clearly appear[s] that no issue exist[s] which might be raised by answer concerning the merits of the petitioner's application' " (Matter of Julicher v Town of Tonawanda, 34 AD3d 1217, 1217 [4th Dept 2006]), which is not the case here. We therefore reverse the judgment insofar as appealed from, deny the motion in part, reinstate the petition insofar as it seeks relief on behalf of Crystal Barton, and grant respondents 20 days from service of the order of this Court with notice of entry to serve and file an answer.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court